IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10521
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY PEREZ, MARIO SALINAS, also know as Marcos,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-175-D-6
- - - - - - - - - -
October 9, 1998

Before DAVIS, DUHE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Randy Perez and Mario Salinas appeal their jury convictions for conspiracy to commit arson, 18 U.S.C. § 371, and maliciously damaging and destroying, by means of fire, a building used in interstate commerce, 18 U.S.C. § 844(i) and 2.

Perez argues that § 844(i) is unconstitutional on its face and as applied. Section 844(i) is constitutional on its face. See United States v. Corona, 108 F.3d 565, 570 (5th Cir. 1997). Further, the Government produced ample evidence at trial that the arson substantially affected interstate commerce. Id. at 570-71.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not abuse its discretion in denying Perez's proposed jury instructions because the instructions meet the requirements set forth under United States v. Lopez, 514 U.S. 549 (1995). See United States v. Robinson, 119 F.3d 1205, 1215 (5th Cir. 1997), cert. denied, 118 S. Ct. 1104 (1998).

Salinas argues that insufficient evidence supports his conviction under § 844(i). Because Salinas failed to move for judgment of acquittal at the close of all of the evidence, review is limited to whether his conviction resulted in a manifest miscarriage of justice. See United States v. Thomas, 12 F.3d 1350, 1358 (5th Cir. 1994). The Government produced sufficient evidence of Salinas' involvement in the planning and execution of the arson. Salinas conviction did not result in a manifest miscarriage of justice.

Jordan next contends that he is entitled to a four-level reduction for his minimal or minor role in the offense. Salinas was aware of the entire scope of the operation, including the arson, even if he did not plan it. Accordingly, Salinas has not shown that he was entitled to the reduction. See United States v. Atanda, 60 F.3d 196, 198 (5th Cir. 1995).

Next, Salinas argues that the district court erred in applying a two-level adjustment for more than minimal planning. The PSR and trial evidence demonstrate that the offense involved more elaborate planning than is typical for commission of the offense in a simple form. Accordingly, the district court did not clearly err in finding that more than minimal planning was

involved.  See United States v. Clements, 73 F.3d 1330, 1341 (5th Cir. 1996).

Next, Salinas contends that the district court erred in giving him a two-level increase because the arson was committed to conceal a burglary.  The PSR and trial evidence clearly indicate that the arson was used to conceal a burglary.  Thus, the district court did not clearly err in finding that the arson was committed to conceal a burglary.  See United States v. Brown, 54 F.3d 235, 240 (5th Cir. 1995).

Finally, Salinas argues that the district court improperly double counted when it gave enhancements under § 2B1.3 and § 2K1.4(b)(1).  Neither guideline prohibits double counting.  Thus, double counting is permissible under the Sentencing Guidelines.  See United States v. Jones, 145 F.3d 736, 737 (5th Cir. 1998).

Salinas' motion to supplement the record excerpts is unnecessary given that the transcripts to which he refers are already a part of the record.  The motion is DENIED.

Accordingly, the district court's judgment is AFFIRMED.